## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | **RE:** 40 New Portland Road, North Anson, ME 04958 |
| **Eugene O. Houle and Wanda Houle** | **Mortgage:** October 31, 2007 Book 3932, Page 128 |
| **Defendants** | |

NOW COMES the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Eugene O. Houle and Wanda Houle, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, in which the Defendant, Eugene O. Houle, is the obligor and the total amount owed under the terms of the Note is One Hundred Eighty-Four Thousand Six

Hundred Twenty-Two and 73/100 ($184,622.73) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 is a corporation with its principal place of business located at 1100 North Market, Wilmington, DE 19801.

5. The Defendant, Eugene O. Houle, is a resident of North Anson, County of Somerset and State of Maine.

6. The Defendant, Wanda Houle, is a resident of Anson, County of Somerset and State of Maine.

## FACTS

7. On October 31, 2000, by virtue of a Warranty Deed from MECEDO, LLC, which is recorded in the Somerset County Registry of Deeds in **Book 3932, Page 126**, the property situated at 40 New Portland Road, City/Town of North Anson, County of Somerset, and State of Maine, was conveyed to Eugene O. Houle and Wanda Houle, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On October 31, 2007, Defendant, Eugene O. Houle, executed and delivered to HSBC Mortgage Corporation (USA) a certain Note under seal in the amount of $125,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on October 31, 2007, Defendants, Eugene O. Houle and Wanda Houle executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA), securing the property located at 40 New Portland Road, North Anson, ME 04958 which Mortgage Deed is recorded in the Somerset County Registry of Deeds in **Book 3932**, **Page 128**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. On August 2, 2009, the Defendants, Eugene O. Houle and Wanda Houle, executed a Loan Modification Agreement which increased the principal amount of the Note to $131,089.16 (herein after referred to as the "Loan Modification"). *See* Exhibit D (a true and correct copy of the Loan Modification is attached hereto and incorporated herein).

11. The Mortgage was then assigned to HSBC Bank USA N.A. by virtue of an Assignment of Mortgage dated April 13, 2012 and recorded in the Somerset County Registry of Deeds in **Book 4515**, **Page 44**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated December 9, 2015 and recorded in the Somerset County Registry of Deeds in **Book 4986**, **Page 32**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated December 28, 2017 and recorded in the Somerset County Registry of Deeds in **Book 5250**, **Page 220**. *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. The Mortgage was then assigned to MTGLQ Investors, L.P. by virtue of an Assignment of Mortgage dated February 14, 2019 and recorded in the Somerset County Registry of Deeds in **Book 5390**, **Page 76**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 by virtue of an Assignment of Mortgage dated February 22, 2019 and recorded in the Somerset County Registry of Deeds in **Book 5404**, **Page 64**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. On February 5, 2021, the Defendants, Eugene O. Houle and Wanda Houle, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certified Mail Receipts (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendants, Eugene O. Houle and Wanda Houle, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit J.

18. The Defendants, Eugene O. Houle and Wanda Houle, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

22. The total debt owed under the Note and Mortgage as of March 31, 2021 is One Hundred Eighty-Four Thousand Six Hundred Twenty-Two and 73/100 ($184,622.73) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $125,192.90 |
| Interest | $31,031.23 |
| Late Fees | $516.04 |
| Total Fees | $50.00 |
| Escrow Advance | $26,074.73 |
| Recoverable Balance | $1,737.00 |
| MIP/PMI | $20.83 |
| Grand Total | $184,622.73 |

23. Upon information and belief, the Defendants, Eugene O. Houle and Wanda Houle, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

24. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 40 New Portland Road, North Anson, County of Somerset, and State of Maine. *See* Exhibit A.

26. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, has the right to foreclosure and sale upon the subject property.

27. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendants, Eugene O. Houle and Wanda Houle, are presently in default on said Mortgage and Note, having failed to make the monthly payment due July 1, 2015, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

29. The total debt owed under the Note and Mortgage as of March 31, 2021 is One Hundred Eighty-Four Thousand Six Hundred Twenty-Two and 73/100 ($184,622.73) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $125,192.90 |
| Interest | $31,031.23 |
| Late Fees | $516.04 |
| Total Fees | $50.00 |
| Escrow Advance | $26,074.73 |
| Recoverable Balance | $1,737.00 |
| MIP/PMI | $20.83 |
| Grand Total | $184,622.73 |

30. The record established through the Somerset County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendants, Eugene O. Houle and Wanda Houle's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

32. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Eugene O. Houle and Wanda Houle, on February 5, 2021, evidenced by the Certificate of Mailing.  *See* Exhibit J.

33. The Defendants, Eugene O. Houle and Wanda Houle, are not in the Military as evidenced by the attached Exhibit K.

## COUNT II – BREACH OF NOTE

34. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. On October 31, 2007, the Defendant, Eugene O. Houle, executed under seal and delivered to HSBC Mortgage Corporation (USA) a certain Note in the amount of $125,000.00.  *See* Exhibit B.

36. The Defendant, Eugene O. Houle, is in default for failure to properly tender the July 1, 2015 payment and all subsequent payments.  *See* Exhibit J.

37. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Eugene O. Houle.

38. The Defendant, Eugene O. Houle, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

39. The Defendant Eugene O. Houle's breach is knowing, willful, and continuing.

40. The Defendant Eugene O. Houle's breach has caused Plaintiff Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

41. The total debt owed under the Note and Mortgage as of March 31, 2021, if no payments are made, is One Hundred Eighty-Four Thousand Six Hundred Twenty-Two and 73/100 ($184,622.73) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $125,192.90 |
| Interest | $31,031.23 |
| Late Fees | $516.04 |
| Total Fees | $50.00 |
| Escrow Advance | $26,074.73 |
| Recoverable Balance | $1,737.00 |
| MIP/PMI | $20.83 |
| Grand Total | $184,622.73 |

42. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

43. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. By executing, under seal, and delivering the Note, the Defendant, Eugene O. Houle, entered into a written contract with HSBC Mortgage Corporation (USA) who agreed to loan the amount of $125,000.00 to the Defendant. *See* Exhibit B.

45. As part of this contract and transaction, the Defendants, Eugene O. Houle and Wanda Houle, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

46. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the proper holder of the Note and successor-in-interest to HSBC Mortgage Corporation (USA), and has performed its obligations under the Note and Mortgage.

47. The Defendants, Eugene O. Houle and Wanda Houle, breached the terms of the Note and Mortgage by failing to properly tender the July 1, 2015 payment and all subsequent payments. *See* Exhibit J.

48. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Eugene O. Houle.

49. The Defendants, Eugene O. Houle and Wanda Houle, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

50. The Defendants, Eugene O. Houle and Wanda Houle, are indebted to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 in the sum of One Hundred Eighty-Four Thousand Six Hundred Twenty-Two and 73/100 ($184,622.73) Dollars, for money lent by the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, to the Defendants.

51. Defendants Eugene O. Houle and Wanda Houle's breach is knowing, willful, and continuing.

52. Defendants Eugene O. Houle and Wanda Houle's breach has caused Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

53. The total debt owed under the Note and Mortgage as of March 31, 2021, if no payments are made, is One Hundred Eighty-Four Thousand Six Hundred Twenty-Two and 73/100 ($184,622.73) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $125,192.90 |
| Interest | $31,031.23 |
| Late Fees | $516.04 |
| Total Fees | $50.00 |
| Escrow Advance | $26,074.73 |
| Recoverable Balance | $1,737.00 |
| MIP/PMI | $20.83 |
| Grand Total | $184,622.73 |

54. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

55. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. HSBC Mortgage Corporation (USA), predecessor-in-interest to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, loaned Defendant, Eugene O. Houle, $125,000.00.  *See* Exhibit B.

57. The Defendants, Eugene O. Houle and Wanda Houle, are in default for failure to properly tender the July 1, 2015 payment and all subsequent payments.  *See* Exhibit J.

58. As a result of the Defendants Eugene O. Houle and Wanda Houle's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1.

59. As such, the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

60. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. HSBC Mortgage Corporation (USA), predecessor-in-interest to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, loaned the Defendant, Eugene O. Houle, $125,000.00. *See* Exhibit B.

62. The Defendants, Eugene O. Houle and Wanda Houle, have failed to repay the loan obligation.

63. As a result, the Defendants, Eugene O. Houle and Wanda Houle, have been unjustly enriched to the detriment of the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 as successor-in-interest to HSBC Mortgage Corporation (USA) by having received the aforesaid benefits and money and not repaying said benefits and money.

64. As such, the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, upon the expiration of the period of redemption;

c) Find that the Defendant, Eugene O. Houle, is in breach of the Note by failing to make payment due as of July 1, 2015, and all subsequent payments;

d) Find that the Defendants, Eugene O. Houle and Wanda Houle, are in breach of the Mortgage by failing to make payment due as of July 1, 2015, and all subsequent payments;

e) Find that the Defendants, Eugene O. Houle and Wanda Houle, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Eugene O. Houle and Wanda Houle, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due July 1, 2015 and all subsequent payments;

g) Find that the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Eugene O. Houle and Wanda Houle have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, to restitution;

j) Find that the Defendants, Eugene O. Houle and Wanda Houle, are liable to the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, for money had and received;

k) Find that the Defendants, Eugene O. Houle and Wanda Houle, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Eugene O. Houle and Wanda Houle, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Eugene O. Houle and Wanda Houle, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to restitution for this benefit from the Defendants, Eugene O. Houle and Wanda Houle;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Eugene O. Houle, and in favor of the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, in the amount of One Hundred Eighty-Four Thousand Six Hundred Twenty-Two and 73/100 ($184,622.73 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

    Respectfully Submitted,
    Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1,
    By its attorneys,

Dated: March 23, 2021

    /s/ John A. Doonan, Esq.
    /s/ Reneau J. Longoria, Esq.
    John A. Doonan, Esq., Bar No. 3250
    Reneau J. Longoria, Esq., Bar No. 5746
    Attorneys for Plaintiff
    Doonan, Graves & Longoria, LLC
    100 Cummings Center, Suite 303C
    Beverly, MA 01915
    (978) 921-2670
    JAD@dgandl.com
    RJL@dgandl.com