UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILMINGTON TRUST, N.A., as ) <br> TRUSTEE FOR MFRA TRUST 2015-1 ) <br> ) <br> *Plaintiff* ) <br> ) <br> v. ) <br> ) <br> WANDA HOULE et al., ) <br> ) <br> *Defendants* ) | No. 1:21-cv-00078-NT |

### MEMORANDUM DECISION AND ORDER ON
### MOTION FOR SERVICE BY PUBLICATION

In this foreclosure action, the plaintiff, Wilmington Trust, N.A., as trustee for MFRA Trust 2015-1, moves to serve defendant Eugene O. Houle by publication. *See* Motion to Serve Defendant, Eugene O. Houle by Publication ("Motion") (ECF No. 22). Because I conclude that Wilmington Trust has not fully exhausted all avenues for locating and serving the defendant by traditional means, I deny its motion without prejudice.

### I. Background

Wilmington Trust initiated this action against Wanda and Eugene Houle in March 2021 seeking to foreclose on real property located in North Anson, Maine. *See* Complaint (ECF No. 1). That same month, the Somerset County Sheriff's Office attempted to serve Eugene at the subject property but indicated that he was not there and might be in Rhode Island. *See* Affidavit in Support of Motion to Serve Defendant, Eugene O. Houle, by Publication ("Affidavit") (ECF No. 22-1) ¶ 4. In April 2021, a process server attempted to serve Eugene at two different addresses in Pawtucket, Rhode Island, but was unsuccessful. *See id.* ¶¶ 5-6. A process server further attempted to serve Eugene at Wanda's residence in Kingfield, Maine, in May 2021 but learned that that Wanda and

1

Eugene were separated. *See id.* ¶¶ 7-8. The process server searched driver's license records, which indicated that Eugene lives in Rhode Island but holds an active Maine driver's license. *See id.* ¶ 10.

In June 2021, the Franklin County Sheriff's Office again attempted to serve Eugene at Wanda's residence in Kingfield without success; it indicated that Eugene had not lived at Wanda's residence for five years and provided another possible address in Pawtucket, Rhode Island. *See id.* ¶¶ 12-13. When a process server attempted to serve Eugene at the address in July 2021, however, Eugene could not be located. *See id.* ¶ 14 . Thereafter, a social media search turned up a profile for a Eugene Houle married to a Wanda Houle with two grown children, one of whom owns a bakery business in Rhode Island. *See id.* ¶ 15. In September 2021, the Norfolk County Sheriff's Office attempted to serve Eugene in Randolph, Massachusetts, at the employer listed on his social media profile but was unsuccessful. *See id.* ¶ 16.

In November 2021, the Franklin County Sheriff's Office attempted to serve Eugene at Wanda's residence again; he was not there, but Wanda provided another potential address this time in Cumberland, Rhode Island. *See id.* ¶ 17. A process server attempted to serve Eugene at the address several times but was unsuccessful. *See id.* ¶ 18. Ultimately, the process server affixed a copy of the complaint and summons to the door of the residence located at the address. *See id.* A social media search in December 2021 showed that Eugene still lived in Cumberland, Rhode Island, and worked for the same employer. *See id.* ¶ 19.

## II. Discussion

Wilmington Trust contends that "personal service cannot be made" on Eugene despite its "numerous diligent attempts." Motion at 1. It, therefore, moves to serve Eugene via publication in the *Providence Journal*, a newspaper of general circulation in Providence County, Rhode Island. *See id.*; Proposed Order of Service (ECF No. 22-12) at 1.

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process . . . ." *Edson v. Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 WL 3257003, at *2 (D. Me. June 13, 2016); Fed. R. Civ. P. 4(e)(2). Service may also be accomplished "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district [court] is located or where service is made." *Edson*, 2016 WL 3257003, at *2; Fed. R. Civ. P. 4(e)(1).

Maine law allows service by alternate means "on motion upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1). To meet that standard, the movant must provide "a draft, proposed order to provide the requested service by alternative means," containing the content specified in Rule 4(g)(2), as well as an affidavit showing that (i) the movant "has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute," (ii) "[t]he identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process," and (iii) "[t]he requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit." Me. R. Civ. P. 4(g)(1)-(2).

The Law Court has observed that, because of societal and technological changes, "service by publication has become less likely to achieve actual notice of a lawsuit" and, therefore, "also less likely to meet the requirements of due process." *Gaeth v. Deacon*, 2009 ME 9, ¶ 26,

964 A.2d 621.  The law recognizes, however, that "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights."  *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950).  Thus, "service by publication in a newspaper is . . . a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice."  *Gaeth,* 2009 ME 9, ¶ 26, 964 A.2d 621.

In this case, I am not satisfied that Wilmington Trust has sufficiently exhausted available avenues to locate and serve Eugene by traditional methods.  Although it attempted to serve Eugene at several potential addresses in Maine and Rhode Island, it left seemingly important leads unexplored when it learned the identities of Eugene's adult children – at least one of whom might be easily contacted through her bakery business – but did not reach out to them to see if they could provide Eugene's current whereabouts.  Indeed, from Wilmington Trust's recitation, it appears that Wanda was the only relative contacted in an attempt to locate Eugene, which is problematic because the Franklin County Sheriff's Office described her as his "estranged wife," suggesting that she may not be the best source of information about his location.  Exh. E (ECF No. 22-6) at 3.

I am also dubious of Wilmington Trust's reliance on social media as a source of up-to-date information about Eugene's employment and location.  There is no guarantee that the details provided on a social media profile are accurate or current.  Moreover, counsel for Wilmington Trust has access to more sophisticated investigative tools – like LexisNexis Risk Solutions Accurint – that might prove more fruitful than searching Facebook.  *See, e.g.*, *U.S. Bank Trust, N.A. v. Plummer*, No. 2:20-cv-00171-DBH, 2021 WL 606970, at *2 (D. Me. Feb. 16, 2021) (noting, in a case where the plaintiff was represented by the same counsel, that counsel had searched for a defendant's location using LexisNexis).

Because Wilmington Trust failed to show that it has taken the simple steps of contacting Eugene's adult children and performing a LexisNexis search for Eugene's current location, it has not demonstrated the due diligence necessary for the court to allow service by publication. *See, e.g.*, *id.* at *2-4 (denying a motion for service by publication where the plaintiff had failed to take simple steps like contacting the defendant's possible employer or searching public records); *Camden Nat'l Bank v. Reid*, No. 2:13-cv-376-DBH, 2014 WL 1320944, at *2 (D. Me. Mar. 28, 2014) (denying a motion for service by publication where the moving party failed to show that it had taken "even simple steps . . . such as contacting the defendant's former landlord, the defendant's brother or his brother's guardian, or engaging a private investigator"); *MATSCO v. Brighton Family Dental, P.C.*, 597 F. Supp. 2d 158, 162 (D. Me. 2009) (denying a motion for service by publication where a "number of avenues [did] not appear to have been exhausted," such as contacting utility companies and querying whether any forwarding address had been left with the Postal Service).

Should Wilmington Trust desire to renew its motion, it should provide an updated affidavit of counsel recounting its further search efforts consistent with this decision.

### III.  Conclusion

For the foregoing reasons, the motion is **<u>DENIED</u>** without prejudice.

### *<u>NOTICE</u>*

***In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.***

***Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.***

Dated this 21st day of February, 2022.

                                                  /s/ John H. Rich III
                                                  John H. Rich III
                                                  United States Magistrate Judge